**FILED**

**SEP 1 0 2020**

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
              Plaintiff,         )
                                )
v.                              )   No.   **4:20CR00523 RWS/NAB**
                                )
AARON A. JORDAN                  )
                                )
              Defendant.         )
                                )

## MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen,

United States Attorney for the Eastern District of Missouri, and Lisa M. Yemm, Assistant United

States Attorney for said District, and moves this Court to order the defendant detained pending

trial, and further requests that a detention hearing be held at the time defendant's initial appearance

before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141,

et. seq., and per current guidance from the Court.

As for its grounds for detention, the government requests this Court to consider the

following factors pursuant to Title 18, United States Code, Section 3142.

### Presumption of Detention

1.     The defendant is charged with an offense for which the maximum term of ten years

or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), to wit, possession

with intent to distribute LSD, in violation of Title 21, United States Code, Section 841(a) and an

offense under Title 18, United States Code, Section 924(c).

2.     The offenses with which the defendant is charged trigger a rebuttable presumption

of detention pursuant to Title 18, United States Code, Section 3142(e)(3)(A) and (B).  There are

1

no conditions or combination of conditions which will reasonably assure the safety of any other person and the community.

## The Nature and Circumstances of the Offense

3.      Title 18, United States Code, Section 3142(g) requires this Court to consider the nature and characteristics of the offense charged, including whether the offense is a controlled substance offense or a crime of violence.  The defendant is charged being a felon in possession of one or more firearms, possession with intent to distribute LSD, a psychoactive drug, and possessing a firearm in furtherance of a drug trafficking crime. As a result, the first of the § 3142(g) factors weighs in favor of detention.  During the execution of a search warrant at defendant's residence, officers seized eight firearms, including an AR-15 and AK-47.  Specifically, officer found:

a.      One Rock Island, .45 caliber M1911Al-FS firearm bearing serial number RIA2098278;

b.      One Taurus Millennium PF111Pro 9mm firearm bearing serial number TAU98658;

c.      One Del-Ton INC AR-15 DTI-15 firearm bearing serial number S153974;

d.      One Riley Defense INC RAK-47 7.62 AK firearm bearing serial number B06206;

e.      One 30-30 lever action Winchester 94 firearm bearing serial number 2843528;

f.      One Smith and Wesson .38 caliber firearm, with the serial number removed;

g.      One Smith and Wesson .22 caliber firearm bearing serial number UBU9302; and

h.      One Kel-Tec KSG shotgun bearing serial number XXLN86,

as well as a large quantity of ammunition, including loaded AR magazines, AR drum magazines, and loaded AK magazines.  Investigators also seized LSD and psilocybin mushrooms.

## The Weight of the Evidence Against the Defendant

4.      Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant.  The government submits that the evidence against the defendant is strong. Defendant sold controlled substances to an undercover Jefferson County police officer, and confessed to possession of the firearms and to distributing LSD and mushrooms during the execution of a search warrant at his residence.

## The History and Characteristics of the Defendant

5.      Defendant has only one prior conviction, for felony theft.  However, Defendant originally received a suspended imposition of sentence in the case and placed on probation; that probation was later revoked and Defendant was sentenced to a term of 7 years in the Missouri Department of Corrections.

## The Nature and Seriousness of the Danger to the Community

7.      The defendant was engaged in the sale of psychoactive drugs while heavily armed. The safety of the community would be at risk were the defendant to be released on bond.  *See* 18 U.S.C. § 3142(g)(4).

## Risk of Flight

8.      The government has no information relative to Defendant's risk of flight at this time.

## Conclusion

9.      The government submits that when considering all of the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh in favor of detention.  There is clear and convincing evidence that no condition or combination of conditions that will reasonably assure the safety of any other person and the community.

Respectfully submitted,
JEFFREY B. JENSEN
United States Attorney

*/s/ Lisa M. Yemm*
LISA YEMM, #64601MO
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Lisa M. Yemm*
LISA M. YEMM, #64601MO
Assistant United States Attorney

4